United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-50877
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY LEE MASSEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:02-CR-661-All
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jerry Lee Massey appeals from his conviction for possession
with intent to distribute more than 100 kilograms of cocaine, in
violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A).

Massey argues that the Government was bound to prove as an
element of the offense that he knew the drug quantity of the
controlled substance.  However, we are not convinced that either
the indictment nor the jury charge, when read as a whole and in the
context of the trial, required the jury to find knowledge of drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

quantity as an element of the offense under 21 U.S.C. § 841. See United States v. Gamez-Gonzalez, 319 F.3d 695, 700 (5th Cir. 2003).

Massey additionally argues that the evidence was insufficient to prove that he knowingly possessed with intent to distribute more than 100 kilograms of marijuana. Massey failed to move for a judgment of acquittal at the close of all evidence. Accordingly, "review is limited to determining whether there was a manifest miscarriage of justice, that is, whether the record is devoid of evidence pointing to guilt." United States v. Delgado, 256 F.3d 264, 274 (5th Cir. 2001) (citations and internal quotations marks omitted).

Massey readily admits that he knowingly possessed a controlled substance with the intent to distribute it. His contention that the evidence was insufficient to prove his knowing possession of a particular quantity is misguided: knowledge of quantity is not an element of an offense under § 841(a) and was not made the law of the case in this instance. Gamez-Gonzalez, 319 F.3d at 700.

Massey also asserts that the district court improperly permitted the Government to argue that the jury could consider incidents not alleged in the indictment to determine whether Massey possessed with intent to distribute more than 100 kilograms of marijuana. Any error was not prejudicial. The court specifically charged the jury not to consider such extraneous evidence. Moreover, the strength of the evidence in support of Massey's guilt

was overwhelming. Thus, Massey has not established that the challenged statements constituted improper remarks that prejudiced his substantive rights. <u>United States v. Munoz</u>, 150 F.3d 401, 414-15 (5th Cir. 1998). AFFIRMED.